**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**



ALISHA MCCANN,
  Plaintiff,

Case No. 26-cv-742-jdp

v.

UNITED STATES OF AMERICA,
  Defendant.

## COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT

### JURISDICTION AND VENUE

1. This action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680.

2. Jurisdiction is invoked under 28 U.S.C. § 1346(b)(1). Plaintiff seeks money damages for personal injury, property damage, and related losses that Plaintiff contends were caused by negligent or wrongful acts or omissions of federal employees acting within the scope of employment.

3. Venue is proper in the Western District of Wisconsin because Plaintiff resides in this District and substantial events and resulting injuries occurred in this District.

### PARTIES

4. Plaintiff Alisha McCann is an adult resident of Madison, Wisconsin.

5. Defendant United States of America is the proper FTCA defendant for qualifying acts or omissions of federal employees. Plaintiff's administrative claim was directed to the U.S. Department of Justice (DOJ).

### ADMINISTRATIVE PRESENTMENT

6. On 01/15/267, DOJ received Plaintiff's executed Standard Form 95 and supporting materials concerning the incidents described below. Plaintiff's SF-95 stated a sum-certain demand of $4,650,000, comprising $150,000 in property damage and $4,500,000 in personal-injury damages.

Draft FTCA Complaint — DOJ Matter

7. Plaintiff has retained the certified-mail receipt, tracking information, delivery confirmation, executed SF-95, and the materials submitted with the claim. These materials should be attached as Exhibit A or identified by DOJ claim number if one was assigned.

8. More than six months passed after DOJ received the administrative claim without a final written disposition: Plaintiff elects to treat the absence of final disposition as a denial for purposes of this action.

## FACTUAL ALLEGATIONS

9. Beginning in approximately Fall 2023, Plaintiff repeatedly reported serious safety concerns, abuse, housing interference, property damage, medical concerns, and requests for assistance to DOJ components and personnel, including the Office of the Inspector General, public-integrity personnel, victim-services personnel, Civil Rights personnel, the FBI, the Criminal Division, local DOJ/FBI offices, and other government offices.

10. Plaintiff communicated with DOJ/FBI personnel, including Mark Rather's and Lisa Dally. Plaintiff sent emails and other communications describing the reported incidents and asking for investigation, evidence preservation, protection, and assistance.

11. Plaintiff believes Mr. Rathers received and forwarded some of Plaintiff's emails to multiple recipients. Plaintiff requests preservation and production of all relevant emails, headers, forwarding records, attachments, referrals, notes, communications, and records of response or nonresponse.

12. Plaintiff contends that DOJ personnel had sufficient notice to identify relevant individuals, preserve evidence, evaluate Plaintiff's reports, and take appropriate action. Plaintiff did not receive a meaningful investigative response, clear explanation, or adequate assistance.

13. Plaintiff experienced repeated unexplained activity in and around her apartment, including damage to a door and door handle, damage to furniture, bedding, clothing, shoes, bags, household items, plants, medications, food, and other personal property, and missing or interrupted camera footage.

14. Plaintiff observed circumstances leading her to believe that persons entered her unit while she was away or otherwise unable to observe them. Plaintiff also observed conditions leading her to suspect unauthorized access through the floor or another concealed access point.

15. Plaintiff reported these concerns to law enforcement and federal offices. Plaintiff requests preservation and review of building-access records, key and fob records, maintenance logs, work orders, contractor records, property-management communications, surveillance footage, utility-room and storage-area records, entry notices, and communications concerning her unit and nearby units.

16. Community Living Connections (CLC) discovery materials identify an individual named Melissa Schadde as a former CLC Community Support Manager employed from December 27, 2023, through September 26, 2024. Plaintiff believes that "Melissa Schadde" may have been an assumed name and does not know that person's legal name.

Draft FTCA Complaint — DOJ Matter

17. Plaintiff believes the person identified by CLC as Melissa Schadde had knowledge of or access to information concerning matters affecting Plaintiff's housing, interactions with neighboring tenants, and communications involving CLC and housing-management personnel. Plaintiff requests that DOJ identify that person's legal name, all names used, employment records, job duties, work locations, schedules, supervisors, communications, and any governmental or investigative affiliation relevant to this claim.

18. Beginning in approximately January 2025, Plaintiff experienced recurring physical symptoms that she believes may have been associated with directed-energy, electromagnetic, acoustic, electronic, chemical, toxic, or another external exposure. The reported symptoms included burning sensations, severe head pain and pressure, nausea, dizziness, confusion, cognitive difficulty, sleep disruption, fatigue, and functional impairment.

19. Plaintiff experienced these episodes in and around her apartment, including at night, and reports that they occurred daily or nearly daily during portions of the relevant period. Plaintiff does not have the technical ability to determine the source, device, operator, or mechanism of these symptoms.

20. Plaintiff requests preservation and independent evaluation of evidence capable of confirming or excluding possible sources of the reported symptoms, including building-access, utility, electrical, maintenance, contractor, surveillance, communications, electronic-device, and federal investigative records.

21. Plaintiff also experienced interference with efforts to obtain legal assistance. Multiple attorneys, legal-aid organizations, or advocates initially expressed interest, requested information, or agreed to review materials, but later discontinued contact or declined further involvement. Plaintiff requests review of communications involving federal personnel or persons acting at their direction that bear on this issue.

22. Plaintiff reports that housing personnel required extensive paperwork that Plaintiff believed was not required, withheld lease or other housing documents, made or threatened adverse housing action, and used documents Plaintiff believed contained false, altered, misleading, or unauthorized information. Plaintiff believes her signature may have been forged or used without authorization.

23. Plaintiff requests preservation and review of all lease documents, recertification packets, signatures, emails, text messages, notes, management records, maintenance records, HUD-related communications, and communications relating to her tenancy, including contacts with federal personnel.

24. In March 2024, Plaintiff underwent a medical procedure while under anesthesia. Plaintiff reports that she developed persistent pelvic, uterine, groin, lower-back, and systemic symptoms after the procedure, including pain, pressure, swelling, and symptoms that interfere with sleep and daily functioning.

25. Plaintiff believes she was sexually assaulted while under anesthesia and has repeatedly sought medical evaluation and diagnostic imaging. Plaintiff also reports recurring internal pelvic

Draft FTCA Complaint — DOJ Matter

32. Plaintiff reports that, for approximately three years, she has been concerned that cameras or other surveillance equipment were installed in her apartment, including in the bathroom. Plaintiff believes this surveillance may have been used to obtain private information about her and to affect her housing, benefits, or other matters. Plaintiff requests preservation and inspection of all evidence capable of confirming or excluding surveillance equipment, including building records, maintenance records, contractor records, utility records, camera records, electronic-device records, access logs, and communications involving her residence.

33. Plaintiff believes that information obtained from her residence was used or shared in connection with efforts to question or challenge her disability-benefit eligibility and in housing-related accusations of fraud. Plaintiff requests preservation and production of communications between federal personnel, property-management personnel, housing entities, benefit-related entities, service providers, and any other persons concerning Plaintiff's benefits, tenancy, reported conduct, or private activities.

34. Plaintiff reports serious and repeated problems with her 2018 Jeep Renegade. Plaintiff reports that various repair shops performed work that she believes was improperly billed to her vehicle warranty, not completed, performed with defective or unsuitable parts, or otherwise did not correct the reported vehicle problems. Plaintiff requests preservation and review of all repair orders, estimates, invoices, warranty submissions, diagnostic records, photographs, parts records, electronic service records, and communications from each repair shop and warranty administrator.

35. Plaintiff also observed vehicle damage and changes that led her to believe her vehicle may have been accessed without her permission while she was asleep or away. Plaintiff reports concerns that a copied key may have been used and that the vehicle was driven, struck curbs or other objects, sustained trim damage, was dismantled or altered, or contained unknown equipment. Plaintiff does not have the technical ability to identify any equipment, its purpose, who installed it, or whether it was present. Plaintiff requests an independent vehicle inspection and preservation of the vehicle, key records, repair records, diagnostic information, and any equipment found in or removed from the vehicle.

36. Plaintiff reports that driving the vehicle has at times caused severe physical symptoms, including feeling extremely ill. Plaintiff also reports that her service dog becomes highly distressed in the vehicle and has attempted to jump out. Plaintiff seeks an independent mechanical and safety inspection before relying on the vehicle for transportation, and requests preservation of evidence capable of confirming or excluding electrical, electronic, mechanical, environmental, or other vehicle-related causes.

37. Plaintiff believes that persons may have interfered with her education by communicating false information to her school or instructors, including claims that she was cheating. Plaintiff reports that these communications nearly caused her not to pass a class. Plaintiff requests preservation and review of communications, reports, complaints, academic-integrity records, and other records from the relevant school or instructors that identify who made any report, what was said, when it was received, and how it was handled.

38. Plaintiff reports that she has felt followed, watched, or treated differently in stores and other public locations after persons may have disclosed information about her history or characterized her as a criminal. Plaintiff does not know who, if anyone, communicated with particular businesses or the reason for any employee's conduct. Plaintiff requests preservation and review of any identifiable reports, communications, video, or other records that could confirm or exclude such contacts.

39. Plaintiff reports difficulty obtaining veterinary care for her service dog and believes that information or interference may have affected the dog's treatment. Plaintiff further reports concerns that the dog has been physically harmed during suspected unauthorized entry into her home. Plaintiff requests preservation and review of veterinary records, appointment records, communications, treatment notes, and any evidence concerning access to her residence or harm to her service dog.

40. Plaintiff reports concern that interference affecting her service dog has also impaired Plaintiff's ability to use the dog safely in public and to maintain disability-related supports, including Medicaid and FoodShare. Plaintiff requests preservation of any communications or records concerning Plaintiff's service dog, disability-related benefits, Medicaid, FoodShare, or related eligibility issues.

41. Plaintiff believes that false or misleading information about her activities inside her apartment has been provided to her landlord and has contributed to housing pressure and eviction-related efforts. Plaintiff reports that she has attempted to comply with her tenancy obligations and believes she has been targeted despite doing so. Plaintiff requests preservation and review of all landlord, property-management, CLC, maintenance, contractor, and governmental communications that refer to Plaintiff, her tenancy, alleged lease violations, fraud, eviction, or removal from housing.

42. Plaintiff does not know the identity, role, authority, or involvement of each person connected to the reported incidents. Plaintiff requests that DOJ identify and preserve all records that could establish or exclude federal involvement, including emails, case-management records, referrals, investigative records, access logs, communications, and records showing the basis for any decision not to respond to Plaintiff's reports.

43. Plaintiff contends that the pattern of conduct she reported was not a legitimate, lawful, or properly bounded investigation. Plaintiff was not provided a clear basis, scope, notice, lawful justification, or meaningful opportunity to respond to the actions she experienced. Instead, Plaintiff contends that the conduct reported to DOJ involved targeting, interference, invasion of privacy, damage to property, disruption of housing, medical care, education, transportation, benefits, and access to assistance. Plaintiff contends that no investigative purpose can justify unlawful conduct, unnecessary harm, or interference with rights and safety. Plaintiff requests that DOJ identify every investigation, case, referral, agent, employee, contractor, or other person who had authority over, knowledge of, or involvement in any activity concerning Plaintiff, and produce the legal basis, scope, dates, supervisory approvals, policies, communications, and records governing that activity.

Merged Supplemental Additional Details — DOJ FTCA Draft

44. Plaintiff believes that the individual identified in CLC records as Melissa Schadde, or persons communicating information about Plaintiff, made or promoted false claims that Plaintiff was committing fraud involving FoodShare, Medicaid, energy-assistance services, disability-related benefits, or other public benefits. Plaintiff denies committing benefit fraud. Plaintiff believes these statements or reports were used to damage her credibility, interfere with access to benefits and services, and support housing-related accusations against her. Plaintiff requests preservation and production of all communications, referrals, complaints, reports, applications, verification requests, investigative records, eligibility records, case notes, and communications involving FoodShare, Medicaid, energy-assistance services, Social Security or disability-related benefits, housing providers, CLC, property-management personnel, DOJ personnel, or any other person concerning alleged fraud by Plaintiff. Plaintiff further requests identification of the person who made each report, the date, the exact statement made, the evidence relied upon, and the disposition of each matter.

Merged Supplemental Additional Details — DOJ FTCA Draft

sensations experienced as vibration or activation. Plaintiff does not know the medical cause and requests independent qualified gynecologic evaluation and appropriate diagnostic assessment.

26. Plaintiff requests preservation and review of complete pre-operative, operative, anesthesia, recovery, nursing, discharge, incident, instrument-count, supply-count, pathology, laboratory, medication, imaging, referral, authorization, denial, and medical-record audit-trail records relevant to the March 2024 procedure and subsequent reports of symptoms.

27. Plaintiff believes inaccurate or misleading information may have been placed in medical records and may have affected later treatment. Plaintiff requests comparison of contemporaneous records, test results, provider notes, audit trails, referral records, and communications.

28. Plaintiff also reports damage to or contamination concerns involving food, medications, household products, personal property, and property used for her service dog. Plaintiff requests investigation and preservation of relevant evidence.

29. The events Plaintiff reported substantially impaired her ability to live safely in her home, maintain property, obtain medical care, obtain legal assistance, continue education, protect her service dog, and recover from prior trauma.

30. Plaintiff experienced severe emotional distress, PTSD symptoms, anxiety, insomnia, fear, isolation, physical symptoms, and financial and educational harm. Plaintiff attempted suicide twice during the relevant period.

31. Plaintiff contends that DOJ personnel and components that received her reports failed to take reasonable steps to preserve evidence, respond, supervise involved personnel, or prevent foreseeable harm. Plaintiff contends that qualifying acts and omissions by federal employees caused or contributed to her injuries and losses.

## FTCA CLAIM

32. Plaintiff realleges and incorporates paragraphs 1 through 31.

33. Federal employees who received and handled Plaintiff's reports owed duties to exercise reasonable care to the extent imposed by applicable law and to carry out their assigned responsibilities in a non-negligent manner.

34. Plaintiff contends that federal employees breached applicable duties by failing to reasonably receive, preserve, route, review, respond to, or act upon Plaintiff's reports after notice of claimed danger and harm.

35. Plaintiff contends that the qualifying negligent or wrongful acts and omissions of federal employees acting within the scope of employment were a direct and proximate cause of her personal injury, property loss, emotional distress, medical consequences, loss of educational and earning capacity, and related financial loss.

36. Under the FTCA, Plaintiff seeks damages from the United States to the extent permitted by law.

Draft FTCA Complaint — DOJ Matter

## DAMAGES

37. Plaintiff seeks damages not exceeding the $4,650,000 sum certain presented in her SF-95, subject to any legally applicable exception.

38. Plaintiff's damages include personal injury, emotional distress, psychological injury, physical symptoms, medical consequences, property damage, loss of housing stability, loss of privacy, loss of educational and earning capacity, and related financial losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant United States of America in an amount not exceeding the sum certain stated in Plaintiff's SF-95, as permitted by law;

B. Award allowable costs; and

C. Grant such other and further relief as the Court deems just and proper.

DATED: August 9th, 2026

Alisha McCann
Plaintiff, pro se
2428 Independence Ln., Unit 105
Madison, WI 53704
608-228-7118
Alishalm2114@gmail.com

*Alisha McCann*